**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **ROBERT WALLACE and KIPP CLAYTON,** ) <br> **On Behalf of Themselves and All Others** ) <br> **Similarly Situated,** ) <br> ) <br>         *Plaintiffs,* ) <br> **v.** ) <br> ) <br> **CANTEX CONTINUING CARE NETWORK** ) <br> **LLC,** ) <br> ) <br>         *Defendant.* ) | **COLLECTIVE ACTION** <br><br> **CASE NO.** 5:22-CV-187 _____ <br><br> **JUDGE** _____ <br><br> **JURY DEMAND** |

---

### COLLECTIVE ACTION COMPLAINT

---

1.    Plaintiffs Robert Wallace and Kipp Clayton ("Plaintiffs") bring this collective action lawsuit on behalf of themselves and all those similarly situated against Cantex Continuing Care Network LLC ("Cantex" or "Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2.    Plaintiffs allege that during their employment with Defendant, they often worked more than forty (40) hours per workweek without receiving overtime pay for all hours worked over forty (40) in a workweek, in violation of the FLSA.

### I. JURISDICTION AND VENUE

3.    This Court has jurisdiction over Plaintiffs' claims because it is brought pursuant to the FLSA, 29 U.S.C. § 216(b), and raises a federal question pursuant to 28 U.S.C. § 1331.

4.    Venue is proper under 28 U.S.C. § 1391 because Defendant operates its business in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II. PARTIES

5.      Plaintiff Robert Wallace resides in San Antonio, Bexar County, Texas.

6.      Plaintiff Kipp Clayton resides in San Antonio, Bexar County, Texas.

7.      Defendant Cantex Continuing Care Network LLC ("Cantex") is headquartered at 2537 Golden Bear Drive, Carrollton, Texas 75006.

8.      Defendant Cantex's principal place of business is also located at 2537 Golden Bear Drive, Carrollton, Texas 75006.

9.      According to its website, Cantex provides transitional and residential healthcare services in approximately 36 Skilled Nursing Facilities ("SNFs") throughout the state of Texas, including facilities in San Antonio Texas. Cantex also has SNFs located in the states of Louisiana and New Mexico.

10.     At all relevant times, Cantex Continuing Care Network LLC has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 201, *et seq.*

## III. FACTS

11.     Plaintiff Wallace worked for Defendant as a full-time Physical Therapist ("PT") from approximately April 2016 to May 2019 and again from approximately January 2020 through the present.

12.     As a PT, Plaintiff Wallace always worked for Defendant at its Sorrento Skilled Nursing Facility located at 2739 Babcock Road, San Antonio, Texas 78229.

13.     As a PT, Plaintiff Wallace was responsible for performing the following work: reviewing hospital notes to understand new patient needs; conducting evaluations for skilled nursing facility new patients; providing physical therapy to skilled nursing facility patients; completing all necessary visit related documentation and other required paperwork;

communicating with patients' families about their treatment; transporting some patients to a location for therapy; attending meetings as dictated by Defendant; and performing other duties necessary to perform his job.

14.     Plaintiff Clayton worked for Defendant as a full-time Occupational Therapist ("OT") from approximately March of 2015 or 2016 through the present.

15.     As an OT, Plaintiff Clayton worked for Defendant primarily at its Sorrento Skilled Nursing Facility located at 2739 Babcock Road, San Antonio, Texas 78229, but also periodically at its Stone Oak Skilled Nursing Facility located at 19638 Stone Oak parkway, San Antonio, Texas 78258, and at its Windemere at Westover Hills Skilled Nursing Facility located at 11106 Christus Hills, San Antonio, Texas 78251 when those facilities are understaffed.

16.     As an OT, Plaintiff Clayton was responsible for performing the following work: reviewing hospital notes to understand new patient needs; conducting evaluations for skilled nursing facility new patients; providing occupational therapy to skilled nursing facility patients; completing all necessary visit related documentation and other required paperwork; communicating with patients' families about their treatment; transporting some patients to a location for therapy; attending meetings as dictated by Defendant; and performing other duties necessary to perform his job.

17.     Defendant paid Plaintiffs and other therapists by the hour.

18.     As used herein, the term "therapists" includes Physical Therapists, Occupational Therapists, Speech Language Pathologists, and therapist assistants.

19.     Plaintiffs and other therapists often worked over forty (40) hours per workweek. For example, as of his return to work at Cantex in or around January of 2020, Plaintiff Wallace was getting paid for working approximately forty (40) hours per week but was regularly working

at least an additional eight (8) hours off the clock. Similarly, Plaintiff Clayton was getting paid for working approximately forty (40) hours per week but was regularly working at least an additional eight (8) hours off the clock. The result was that Plaintiffs often worked more than forty (40) hours per workweek but did not get paid for their off-the-clock work. Also, Plaintiffs did not get any overtime pay when those off the clock hours pushed them over forty (40) hours in a workweek.

20.    Due to onerous productivity requirements set by Defendant, Plaintiffs and other therapists worked off the clock or otherwise underreported their time. Defendant knew this off-the-clock work was occurring and did nothing to stop it.

21.    Therapists who did not meet the productivity requirements were subject to discipline. In order to meet the productivity requirements, Plaintiffs and other therapists routinely over-reported the time they spent on lunch breaks, clocked out while remaining at work,  or a combination. These practices are continuing as of the time of the filing of this Complaint.

22.    As a result of the under-reporting of their time, Plaintiffs and other therapists have been denied overtime payments that they are due. Defendant is aware that off-the-clock work is occurring and, again, is doing nothing to stop it.

23.    Defendant does not pay Plaintiffs and other therapists proper overtime compensation for all hours worked over forty (40) per workweek.

24.    In failing to pay proper overtime compensation to Plaintiffs and other therapists, Defendant has acted knowingly and with reckless disregard of the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential Opt-In Plaintiffs:

> All current and former therapists employed by Defendant at any of their locations since February 28, 2019, who worked off the clock

to meet Defendant's productivity requirements and who worked over forty (40) hours in a workweek during at least one week during that time period.

26.    Plaintiffs desire to pursue their claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

27.    Plaintiffs and the potential Opt-In Plaintiffs are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, Defendant did not pay Plaintiffs or the potential Opt-In Plaintiffs proper overtime when they worked more than forty (40) hours in a workweek and subjected them to productivity requirements that required them to work off the clock.

28.    Defendant has failed to maintain records of all time spent working by its therapists as required pursuant to the FLSA.

## V. CAUSE OF ACTION

### COUNT I
### (FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA)

29.    All previous paragraphs are incorporated as though fully set forth herein.

30.    Plaintiffs and those they seek to represent pursuant to 29 U.S.C. § 216(b) are employees of Defendant who are entitled to the FLSA's protections.

31.    Defendant is an employer covered by the FLSA.

32.    The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207.

33.    Defendant violated the FLSA by failing to pay overtime premium compensation to Plaintiffs and similarly situated therapists.

34.    In violation of the FLSA, Defendant has acted willfully and with reckless disregard

of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

35.     WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.   Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Opt-In Plaintiffs;

C.      A declaration that Defendant violated the FLSA;

D.      A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for compensation for all unpaid and underpaid wages that Defendant failed and refused to pay in violation of the FLSA;

E.      A finding that Defendant's violations of the FLSA were willful;

F.      Liquidated damages to the fullest extent permitted under the FLSA;

G.      Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H.      Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims triable.

Date: February 28, 2022

Respectfully submitted,

/s/ Michael K. Burke

_____
Michael K. Burke (Tex. Bar No. 24012359)
SCHNEIDER WALLACE COTTRELL

KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
mburke@schneiderwallace.com

*Local Counsel for Plaintiffs*


**DAVID W. GARRISON (TN Bar No. 24968)\***
**JOSHUA A. FRANK (TN Bar No. 33294)\***
BARRETT JOHNSTON MARTIN &
GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*\*Pro Hac Vice* anticipated

*Attorneys for Plaintiffs*