### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **ROBERT WALLACE and KIPP CLAYTON, On Behalf of Themselves and All Others Similarly Situated,**<br><br>　　　　*Plaintiffs*,<br><br>**v.**<br><br>**CANTEX CONTINUING CARE NETWORK LLC,**<br><br>　　　　*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COLLECTIVE ACTION**

**CASE NO. 5:22-CV-00187-DAE**

**SENIOR JUDGE EZRA**
**MAGISTRATE JUDGE CHESTNEY**

**JURY DEMAND**

## PLAINTIFFS' OPPOSED MOTION
## FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS
## OF POTENTIAL PLAINTIFFS

**DAVID W. GARRISON**
(admitted *pro hac vice*)
**JOSHUA A. FRANK**
(admitted *pro hac vice*)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**PETER B. SCHNEIDER**
SCHNEIDER WALLACE COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, TX 77098
Telephone: (713) 338-2560
Facsimile: (866) 505-8036
pschneider@schneiderwallace.com

**TAYLOR A. JONES**
SCHNEIDER WALLACE COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, TX 77098
Telephone (713) 338-2560
Facsimile: (415) 421-7105
tajones@schneiderwallace.com

## MOTION

Plaintiffs move this Court to enter an order equitably tolling the statute of limitations of the potential plaintiffs to whom they seek to send notice as of September 2, 2022, until the later of the Court's ruling on Plaintiff's motion seeking FLSA notice or the close of the FLSA notice period. Plaintiffs would have filed their motion seeking notice on September 2, 2022, but for delays in Defendant's production of documents and witnesses for deposition. This discovery was necessary so that Plaintiffs could file their motion seeking FLSA notice supported by the requisite discovery in accordance with *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

Pursuant to Local Rule CV-7(g), counsel for Plaintiffs conferred with counsel for Defendant. Defendant opposes the relief requested in this Motion because it contends that Plaintiffs cannot show that the circumstances warrant equitable tolling as to potential plaintiffs. Pursuant to Local Rule CV-7(f), a proposed order is attached hereto.

## MEMORANDUM IN SUPPORT

### I.    BACKGROUND

Named Plaintiffs Robert Wallace and Kipp Clayton filed this Fair Labor Standards Act ("FLSA") collective action on February 28, 2022.[1] Throughout this case, they have sought to move swiftly to secure the discovery they needed to comply with the Fifth Circuit's *Swales* decision when seeking notice to potential plaintiffs.

The parties conducted their telephonic Rule 26(f) conference on April 28, 2022. Following that conference, on May 18, 2022, Plaintiffs served interrogatories and document requests on Defendant.[2] On May 23, 2022, the parties submitted their Joint Scheduling Recommendations, in

---

[1]   Complaint (Doc. No. 1).

[2]   *See* Plfs.' First Interrogatories (Exhibit A); Plfs.' First Requests for Production (Exhibit B).

which they agreed to a September 2, 2022, deadline for Plaintiffs to seek FLSA notice.[3] The Court

adopted this deadline in its Scheduling Order.[4]

Defendant sought an extension to respond until July 7, 2022, to which Plaintiffs agreed.

However, once Defendant submitted its written responses on July 7, 2022, and made its first

document production on July 15, 2022, it was clear that the parties had considerable disagreement

regarding Defendant's discovery obligations. Within a week of reviewing Defendant's document

production Plaintiff's counsel sent an email addressing deficiencies and requesting a meet-and-

confer call. This represented the first of many written exchanges and telephone conferences to

resolve disputes about Defendant's document productions and in an effort to schedule depositions

of two members of Defendant's senior management, Angela Smith and Antonio Johnson. As a

result of these calls, Defendant began rolling supplemental productions, the most recent of which

was on October 6, 2022.

The parties also agreed to conduct the depositions of Angela Smith and Antonio Johnson

on October 11 and 12, 2022 and to jointly seek to move the deadlines for briefing Plaintiffs' motion

for FLSA notice.[5] In reaching these agreements, Plaintiffs' counsel specifically informed

Defendant's counsel via email that Plaintiffs intended to seek equitable tolling due to the passage

of time resulting from the scheduling of its witnesses for deposition and securing supplemental

document productions. This prompted the parties to confer regarding both the motion for notice

and for equitable tolling which Plaintiffs intended to file.

These delays were consequential. Had Plaintiffs received a fulsome document production

---

[3]  (Doc. No. 20).

[4]  (Doc. No. 24).

[5]  *See* Joint Motion to Modify Scheduling Order at 2 (Doc. No. 25) ("necessary" to move deadline "[i]n order to complete the remaining depositions and to permit Defendant to supplement its production of documents prior to the deadline for filing a motion for conditional certification and notice").

and been able to set the depositions of Angela Smith and Antonio Johnson sometime after that production in mid-August, they would have been able to comply with the September 2, 2022 deadline for seeking FLSA notice.

For example, some of the most fundamental data—user activity reports from Rehab Optima / Net Health—was not produced until this October 6, 2022, production. Plaintiffs knew these reports existed and specifically requested them in their May 18, 2022, requests.[6] They were the subject of several written and telephonic exchanges in which Plaintiffs repeatedly sought them. And, while Defendant's counsel initially maintained that Defendant did not know what they were because it did not use them, it ultimately produced them for the current Plaintiffs. Plaintiffs relied on them in their Motion to Authorize Notice Pursuant to 29 U.S.C. § 216(b).[7] As that Motion makes clear, they both demonstrate similarity and also show how the data maintained by Defendant can be used to dramatically narrow the issues in this case.[8] If Plaintiffs had received these documents in the normal course of discovery, without the need for repeated meet-and-confer conferences, they would likely have been able to truncate the necessary discovery even further and seek notice in the timeframe initially contemplated by the parties and set by the Court.

Plaintiffs ultimately received these documents less than three full business days prior to the October 11 and 12, 2022 depositions of Angela Smith and Antonio Johnson.

## II.   EQUITABLE TOLLING IS NECESSARY TO PROTECT THE RIGHTS OF POTENTIAL PLAINTIFFS

In an FLSA collective action, plaintiffs toll the statue of limitations on the date they file their written consent to "opt into" the case. 29 U.S.C. §§ 255, 256. In other words, the filing of a collective action does not toll the running of the statute of limitations for potential plaintiffs who

---

[6]  *See* Plfs.' First Requests for Production at No. 9 (Exhibit B).

[7]  *See* Plfs.' Mtn. for Notice at 5-6 (Doc. No. 27).

[8]  *Id.*

are similarly situated. Despite the diligence of a named plaintiff in seeking to secure notice to potential plaintiffs, considerable time can pass and erode the claims of potential plaintiffs. This is particularly true in a post-*Swales* landscape. As Judge Guaderrama observed just a few weeks ago:

> More importantly, equitable tolling takes on increased significance in the post-*Swales* universe. In other cases this Court has cited, party plaintiffs moved quickly for conditional certification, which in turn would have allowed opt-in plaintiffs to file written consent early on in the pendency of the action, thereby tolling the statute of limitations. This case is unlike those cases. Plaintiffs cannot necessarily move with the same haste. *Swales* requires district courts to abandon the conditional certification process and instead determine at the outset of litigation which, if any, employees are "similarly situated." 985 F.3d at 442–43. The time it takes to determine whether any employees are similarly situated will vary case to case, but the *Swales* court recognized that it may require significant time and discovery. *See id.* at 441–42 ("In other cases, . . . . the district court will necessarily need more discovery to determine whether notice is going out to those 'similarly situated.'").[9]

In FLSA collective actions, "the normal course of litigation could cause delays that inequitably frustrates their [*i.e.*, potential opt-in plaintiffs'] rights."[10] This could include defendants filing motions to dismiss or compel arbitration.[11] In fact, "delay-inducing disputes could abound: disputes over the scope of precertification discovery, subsequent discovery disputes, disputes over the form of the notice, and so on."[12] "Every preliminary dispute could result in rights lost."[13] Even just "four months constitutes a significant portion of the two-year statute of limitations period" under the FLSA.[14]

---

[9] *Gomez v. Glob. Precision Sys., LLC*, -- F. Supp. 3d --, No. 3:21-cv-269-DCG, 2022 WL 12078578, at *11 (W.D. Texas Oct. 20, 2022).

[10] *Id.* at *12.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at *10.

However, the drawn-out discovery process need not frustrate the rights of potential plaintiffs, especially when that process is largely the result of Defendant's delay in producing reports that Plaintiffs specifically requested in their initial requests. That is why equitable tolling is available to FLSA plaintiffs just as to any other civil plaintiffs.[15]

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[16] "While courts must exercise caution before equitably tolling a statute of limitations, courts ought not 'apply the statute of limitations too harshly.'"[17] This is a fact-intensive inquiry that examines the diligence of the plaintiffs in pursuing their rights and extraordinary circumstances beyond the plaintiffs' control preventing compliance with the deadline.[18]

As Judge Guaderrama observed, this and other Courts have "determined that a [named] plaintiff's diligent pursuit of conditional certification—which, pre-*Swales*, was a step necessary before a district court facilitated sending an opt-in notice—warranted equitable tolling of the potential opt-in plaintiffs' claims."[19] Basing the "diligence" analysis on the named plaintiffs' diligence in seeking notice pursuant to 29 U.S.C. § 216(b) is consistent with the notion that it is relevant "whether the plaintiff took some step recognized as important by the statute before the end of the limitations period."[20] The measure of diligence is, of course, "reasonable diligence, not maximum feasible diligence." [21]

---

[15] *Id.* at *8.

[16] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

[17] *Gomez*, -- F. Supp. 3d --, 2022 WL 12078578, at *8 (quoting *Patterson*, 211 F.3d at 931).

[18] *See id.* at *9 (citing cases).

[19] *Id.* at *10 (citing *Sehr v. Val Verde Hosp. Corp.*, 368 F. Supp. 3d 1106, 1109 (W.D. Tex. 2019); *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012)).

[20] *Id.* at *9 (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (internal quotation marks omitted)).

[21] *Id.* (quoting *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020)).

5

Similarly, in granting tolling, courts have found that delays due to motion practice and discovery, as well as delay related to the lengthy pendency of a motion seeking FLSA notice, sufficient to justify tolling for opt-in plaintiffs.[22] And, *Swales* has fundamentally altered the landscape of notice in FLSA collective actions in one crucial way: namely, the swiftness with which plaintiffs can seek FLSA notice has become considerably more dependent on the willingness of their adversaries to move quickly during discovery, an arena in which "delay-inducing disputes could abound."[23]

Here, Plaintiffs' filing of their Motion to Authorize Notice Pursuant to 29 U.S.C. § 216(b) was delayed by exactly the sort of post-*Swales*, "delay-inducing disputes," such as "disputes over the scope of precertification discovery, subsequent discovery disputes, disputes over the form of the notice, and so on."[24] As the parties informed the Court in their Joint Motion to Modify Scheduling Order, at that time "the parties [had] worked through several discovery disputes related to the scope of Defendant's responses prior to authorization of notice."[25]

Plaintiffs have diligently sought the *Swales* discovery necessary to file that Motion and thereby take the primary "step recognized as important by the statute" and courts in FLSA collective actions.[26] Had Plaintiffs received a timely and fulsome production, they would have had that discovery well in advance of the initial September 2, 2022, deadline for filing that motion and in sufficient time to depose all witnesses prior to filing that motion on September 2, 2022. Under those circumstances, that motion would presently be fully briefed and pending before the Court.

---

[22] *Id.* at *11-12.

[23] *Id.* at *12.

[24] *Id.*

[25] Joint Motion to Modify Scheduling Order at 1-2 (Doc. No. 25).

[26] *Id.* at *9 (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (internal quotation marks omitted)).

However, now this Motion is likely to be fully briefed on or around December 19, 2022.[27] Even though this delay is just a matter of months, a few "months constitutes a significant portion of the two-year statute of limitations period" under the FLSA.[28] During this time, the claims of potential plaintiffs have been eroded and, perhaps in many cases, become time-barred.[29]

## III.    CONCLUSION

For the foregoing reasons, the Court should enter an order equitably tolling the statute of limitations on the claims of potential plaintiffs.

---

[27] Under the Modified Scheduling Order (Doc. No. 26), Defendant's response to Plaintiffs' motion for notice is due December 5, 2022 (30 days from November 4, 2022) and Plaintiffs' reply will be due December 19, 2022 (14 days from Defendant's response).

[28] *Id.* at *10.

[29] *Id.*

Date: November 4, 2022                     Respectfully submitted,

                                           /s/ David W. Garrison
                                           **DAVID W. GARRISON (TN Bar No. 24968)\***
                                           **JOSHUA A. FRANK (TN Bar No. 33294)\***
                                           BARRETT JOHNSTON MARTIN & GARRISON, LLC
                                           Philips Plaza
                                           414 Union Street, Suite 900
                                           Nashville, TN 37219
                                           Telephone: (615) 244-2202
                                           Facsimile: (615) 252-3798
                                           dgarrison@barrettjohnston.com
                                           jfrank@barrettjohnston.com

                                           **PETER B. SCHNEIDER**
                                           SCHNEIDER WALLACE COTTRELL KONECKY LLP
                                           3700 Buffalo Speedway, Suite 300
                                           Houston, TX 77098
                                           Telephone: (713) 338-2560
                                           Facsimile: (866) 505-8036
                                           pschneider@schneiderwallace.com

                                           **TAYLOR A. JONES**
                                           SCHNEIDER WALLACE COTTRELL KONECKY LLP
                                           3700 Buffalo Speedway, Suite 960
                                           Houston, TX 77098
                                           Telephone (713) 338-2560
                                           Facsimile: (415) 421-7105
                                           tajones@schneiderwallace.com

                                           \*Admitted *pro hac vice*

                                           *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of *Plaintiffs' Motion for Equitable Tolling of the Statute of Limitations for Potential Plaintiffs* upon the parties as indicated below through the Court's ECF system on November 4, 2022:

**Nicole Susanne LeFave**
Littler Mendelson, P.C.
100 Congress Avenue Ste 1400
Austin, TX 78701
Telephone: 512-982-7261
Fax: 512-982-7248
Email: NLeFave@littler.com

**Jeremy W. Hawpe**
Littler Mendelson, P.C.
2001 Ross Avenue - Suite 1500
Dallas, TX 75201-2931
Telephone: (214) 880-8147
Fax: (214) 880-0181
Email: jhawpe@littler.com

*Attorneys for Defendant*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
   **MARTIN & GARRISON, LLC**
